**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4727

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

        v.

CHARLES EDGAR WARE, a/k/a Edgar Charles Ware,

                  Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.   John Preston Bailey,
District Judge.  (2:14-cr-00015-JPB-JSK-1)

Argued: October 28, 2015            Decided: November 25, 2015

Before GREGORY, DUNCAN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Katy J. Cimino, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Clarksburg, West Virginia, for Appellant.  Stephen L. Vogrin,
OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia,
for Appellee.  **ON BRIEF:** Kristen M. Leddy, Research & Writing
Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg,
West Virginia, for Appellant.  William J. Ihlenfeld, II, United
States Attorney, Tara N. Tighe, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Edgar Ware pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). At sentencing, the district court determined that Ware had a total offense level of 29 and a criminal history category of II, which would have yielded an advisory guideline prison term range of 97 to 121 months. After consideration of the 18 U.S.C. § 3553(a) factors, the district court imposed an upward variance, resulting in a sentence of 180 months, or almost 50 percent above the top of the advisory guidelines range. Despite the existence of an appellate waiver in the plea agreement, Ware attempts to appeal his sentence. We enforce the appellate waiver and dismiss this appeal.

Ware's guilty plea was made pursuant to a plea agreement, memorialized by the parties in a six-page document. In paragraph eleven of the agreement, Ware consented to waive his right to appeal his sentence in a post-conviction proceeding, unless the district court determined that his total offense level was 31 or greater. At sentencing, the district court made it unequivocally clear that Ware's total offense level—after adjustments for acceptance of responsibility—was 29.

We review the application of an appeal waiver within a plea agreement de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). It is uncontested that a defendant may waive

2

the right to an appeal as part of a valid plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Plea agreements are governed by contract law and we use the agreement's plain language as taken in its ordinary sense to determine the bargain between the parties. United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007). We will generally enforce such a waiver if the waiver is valid and the issue being appealed is covered by the waiver. Blick, 408 F.3d at 168. We may "decline[] to enforce a valid appeal waiver only where the sentencing court [has] violated a fundamental constitutional or statutory right that was firmly established at the time of sentencing," United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014), or if enforcing the waiver "would result in a miscarriage of justice," United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation omitted).

Ware does not challenge the validity of the waiver. Rather, Ware contends that the district court's sentence exceeds the scope of the appeal waiver. We disagree.

The district court found that the total offense level was 29 and noted that, since the statutory mandatory minimum was 120 months, "the guidelines call for incarceration of 120 to 121 months." JA 52. The district court then expressly stated that it was imposing a sentence "above the guideline range to protect the public, especially children, from further crime." JA 68

3

(emphasis added).  The district court went to great lengths to explain that Ware's particular criminal history, victim impact statements, and other material it reviewed from the presentence report justified an upward variance from the guidelines range.

In sum, because Ware knowingly and voluntarily entered into the plea agreement containing a waiver of appellate rights, because this appeal falls within the scope of the waiver, and because enforcement of the waiver would not result in a miscarriage of justice, we conclude that his appellate waiver is enforceable.  We therefore enforce the waiver and dismiss the appeal.

<u>DISMISSED</u>

4