**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4201**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIKEO HARVELL BUTLER, a/k/a Keo,

Defendant - Appellant.

**No. 15-4205**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ONEAL WINFREY, a/k/a Joe,

Defendant - Appellant.

**No. 15-4215**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE EDWARD STEWART, a/k/a Cheddar,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:14-cr-00400-HMH-6; 6:14-cr-00400-HMH-1; 6:14-cr-00400-HMH-4)

---

Submitted: November 30, 2015          Decided: December 4, 2015

---

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

---

No. 15-4201 affirmed; No. 15-4205 affirmed in part and dismissed in part; No. 15-4215 affirmed by unpublished per curiam opinion.

---

T. Kirk Truslow, North Myrtle Beach, South Carolina; Derek J. Enderlin, ROSS & ENDERLIN, PA, Greenville, South Carolina; Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina, for Appellants. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sikeo Harvell Butler, William Oneal Winfrey, and Terrance Edward Stewart appeal their convictions for conspiracy to possess with intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Winfrey also challenges his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The Appellants raise various challenges to their Fed. R. Crim. P. 11 plea colloquies and sentences. For the reasons that follow, we dismiss in part Winfrey's appeal as it relates to his sentence, and affirm the remainder of the district court's judgments as to all three Appellants.

I.

Butler asserts that his Fed. R. Crim. P. 11 plea colloquy was inadequate because the district court did not fully explain the offense of conspiracy and did not ensure that a sufficient factual basis supported his guilty plea. Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, in addition to other information. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and

3

not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.

Because Butler did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, the plea colloquy is reviewed for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Butler must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013). In the guilty plea context, a defendant establishes the third factor by showing a reasonable probability that he would not have pled guilty but for the Rule 11 error. United States v. Davila, 133 S. Ct. 2139, 2147 (2013).

Butler confirmed during the Rule 11 colloquy that he understood and was pleading guilty to "the conspiracy as described in the indictment," which adequately described the offense. Additionally, Butler's written plea agreement stated that he was pleading guilty to count one of the indictment, and during the colloquy, he confirmed that he understood the plea agreement and had reviewed it with his attorney. Thus, he cannot show that the court plainly erred in its Rule 11 colloquy.

Butler also contends that his plea was not supported by a sufficient factual basis because he denied being a member of the "Detroit Boys" and instead claimed that he only supplied drugs to one codefendant. Thus, he argues that he cannot be guilty of conspiracy. This argument is without merit. Although Butler asserts he only sold to one codefendant, he acknowledged that he provided that codefendant with over a kilogram of heroin. A defendant be part of a conspiracy without knowing all other members of the conspiracy. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). Additionally, a defendant's sale of a large quantity of drugs "supports an inference or presumption that appellant knew that he was a part of a venture which extended beyond his individual participation." United States v. Brown, 856 F.2d 710, 712 (4th Cir. 1988) (per curiam) (internal quotation marks and brackets omitted). Thus, Butler also fails to establish plain error regarding his factual basis argument.

Finally, we note that, even if he could establish plain error, Butler has not shown that his substantial rights were affected, since he does not actually contend that, but for these alleged errors at the Rule 11 hearing, he would not have pled guilty.

## II.

Winfrey argues that his counsel had a conflict of interest because he represented both Winfrey and his brother, Laron, at

their Rule 11 hearing. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Galloway, 749 F.3d 238, 241 (4th Cir.), cert. denied, 135 S. Ct. 215 (2015). Instead, such claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion, in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

"[W]henever a trial court improperly requires joint representation over timely objection reversal is automatic." Holloway v. Arkansas, 435 U.S. 475, 488 (1978). Absent an objection or the presence of "special circumstances" indicating that the court should know of a conflict of interest, "the court need not initiate an inquiry" into the propriety of joint representation. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). In order to succeed on an ineffective assistance claim arising from joint representation where no objections or special circumstances existed, the defendant must show "that his counsel labored (1) under an actual conflict of interest that (2) adversely affected the representation." Jones v. Polk, 401 F.3d 257, 267 (4th Cir. 2005). "A defendant has established an adverse effect if he proves that his attorney took action on behalf of one client that was necessarily adverse to the defense of another or failed to take action on behalf of one because it

6

would adversely affect another." Mickens v. Taylor, 240 F.3d 348, 360 (4th Cir. 2001), aff'd, 535 U.S. 162 (2002).

Winfrey did not object to the joint representation and his contention that his dispute of the Government's factual recitations was equivalent to an objection or special circumstance is legally unsupported. Further, despite Winfrey's contention that Laron's interests conflicted with his own, the record reveals that Laron supported Winfrey's version of events rather than opposing it.

As part of his conflict of interest claim, Winfrey fleetingly argues that the district court's colloquy did not comply with Fed. R. Crim. P. 11. Winfrey's Rule 11 claim is reviewed for plain error because he did not seek to withdraw his plea. Sanya, 774 F.3d at 815. We reject Winfrey's argument that the court failed to adequately explain the crime of conspiracy. As to Winfrey's challenge to the plea's factual basis, Winfrey admitted, on the record, facts sufficient to establish conspiracy. Thus, we also conclude this argument is without merit.

Finally, Winfrey contends that his sentence was procedurally and substantively unreasonable because the court upwardly varied by 72 months after finding that Winfrey's three children each tested positive for drugs. The Government invokes

7

Winfrey's appellate waiver, but Winfrey contends the waiver is invalid for various reasons.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). We reject Winfrey's arguments and conclude that the waiver is valid and that his claims fall within its scope. Thus, we dismiss Winfrey's appeal as it pertains to his sentence.

III.

Stewart contends that his sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51.

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d

8

325, 330 (4th Cir. 2009) (internal quotation marks omitted). While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (internal quotation marks omitted). The reasons articulated for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). Moreover, the sentencing court "need not robotically tick through § 3553(a)'s every subsection"; it only must provide "some indication" that it considered the § 3553(a) factors with respect to the defendant before it and also considered any nonfrivolous arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. When the district court imposes a sentence above the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing

9

range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "A major departure from the advisory range should be supported by a more significant justification than a minor one." United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). We give due deference to the sentencing court's decision because that court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (alteration omitted).

Because we conclude that the district court issued a variance rather than a departure, Stewart was not entitled to receive advance notice under Fed. R. Crim. P. 32(h), so his challenge in this regard is meritless. We also reject Stewart's contention that the court failed to state the reason for its upward variance in open court. Although the court did not explicitly refer to the subsections of § 3553(a) in explaining its sentence, the court nonetheless stated reasons consistent with the statutory factors. The reasoning articulated at sentencing "can be matched to [each of these § 3553(a)] factor[s] appropriate for consideration." Moulden, 478 F.3d at 658.

10

Stewart also claims that the court's failure to address whether his federal sentence would run concurrent with his potential state sentence for his post-guilty plea criminal conduct was procedurally and substantively unreasonable. Because Stewart failed to raise the question of concurrent sentencing in the district court, we review for plain error. United States v. Obey, 790 F.3d 545, 549-50 (4th Cir. 2015). Stewart fails to cite any authority for the proposition that the district court must state whether it intends that the sentences run consecutively or concurrently. Additionally, as the Government notes, the statutory default is that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a) (2012). Accordingly, we conclude that Stewart has not demonstrated that his sentence is unreasonable on this basis.

Finally, Stewart contends that his sentence is substantively unreasonable because the removal of his credit for acceptance of responsibility, coupled with the 24-month upward variance, amounted to "double punishment." He also contends that the court in this particular case over-relied on one particular fact, the post-plea criminal conduct, in making these two adjustments to his sentence.

11

As to the double punishment argument, we find no basis to conclude that the district court's decision is impermissible and further note that the district court's sentencing determination is entitled to deference. United States v. Jeffrey, 631 F.3d 669, 679-80 (4th Cir. 2011). As to Stewart's argument that his sentence was substantively unreasonable because the court over-relied on a single fact, we conclude that Stewart's reliance on United States v. Engle, 592 F.3d 495 (4th Cir. 2010), is misplaced. In that case, we found that the district court overrelied on one § 3553(a) factor in determining its sentence. Id. at 504-05. Here, Stewart refers to the court's reliance on one fact—his postplea criminal activity—which implicates multiple § 3553(a) factors. Given Stewart's misdirected argument and the deference accorded to the district court in sentencing determinations, we conclude that Stewart's sentence is neither procedurally nor substantively unreasonable.

Accordingly, we dismiss Winfrey's appeal of his sentence and affirm the district court's judgments in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 15-4201 AFFIRMED
No. 15-4205 AFFIRMED IN PART AND DISMISSED IN PART
No. 15-4215 AFFIRMED

12