PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6134

ANTHONY WAYNE MANGUM,

Petitioner - Appellant,

v.

WARDEN S. HALLEMBAEK,

Respondent – Appellee,

and

UNITED STATES OF AMERICA; BUREAU OF PRISONS,

Respondents.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:13-hc-02227-FL)

Argued: January 28, 2016               Decided: May 25, 2016

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instructions by published opinion. Senior Judge Davis wrote the opinion, in which Judge Gregory and Judge Harris joined.

**ARGUED:** Clint Cowan, Travis Andrews, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Michael Bredenberg, OFFICE OF THE UNITED STATES ATTORNEY,

Raleigh, North Carolina, for Appellee. **ON BRIEF**: Stephen L. Braga, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Thomas G. Walker, United States Attorney, R.A. Renfer, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

DAVIS, Senior Circuit Judge:

Anthony Wayne Mangum appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241, pursuant to which he challenged the computation of his federal sentence and, more specifically, the refusal of the federal Bureau of Prisons ("BOP") to designate nunc pro tunc a state facility for service of his federal sentence. Such a designation would have had the effect of crediting against Mangum's previously imposed federal sentence the time he spent in state prison on a subsequently imposed state sentence. And indeed, it is undisputed that the state sentencing judge, who imposed a sentence after the federal judge had imposed a sentence, desired exactly that result. The district court granted summary judgment in favor of appellee, the warden of Mangum's federal correctional institution, reasoning that the BOP had (1) correctly and appropriately calculated and executed Mangum's federal sentence and (2) permissibly exercised its discretion in denying a nunc pro tunc designation.

For the reasons explained within, although we find no error in the district court's analysis of the BOP's sentencing calculation, we conclude that the district court overlooked a two-pronged flaw in the BOP's exercise of its broad discretion in denying Mangum's requested nunc pro tunc designation. Accordingly, as we conclude that the BOP abused its discretion,

3

we affirm the judgment in part, vacate in part, and remand the petition to the district court with instructions that the court remand Mangum's request for a nunc pro tunc designation to the BOP for further consideration.

I.

The facts underlying Mangum's serial arrests, convictions, and sentencings are undisputed.

Mangum was arrested by Oklahoma state authorities on drug charges on February 9, 2006, and released on bond five days later on February 14, 2006. On February 27, 2006, he was indicted for conspiracy to distribute cocaine base by a federal grand jury in the Middle District of North Carolina based on substantially the same conduct giving rise to his state drug charges. The state drug charges were dismissed, and a federal arrest warrant issued, but was not executed, at about that time; Mangum remained at liberty.

Several months later, on June 14, 2006, Mangum was rearrested by Oklahoma state authorities and charged with felony assault and battery with a dangerous weapon, misdemeanor possession of a fictitious driver's license, misdemeanor resisting an officer, and misdemeanor obstructing an officer.

On August 23, 2006, a federal magistrate judge in North Carolina issued a writ of habeas corpus ad prosequendum requesting that Oklahoma transfer Mangum to federal custody for

4

proceedings in North Carolina, and Mangum shortly appeared in the Middle District of North Carolina to answer the charges there. On November 8, 2006, Mangum pled guilty in federal court to conspiracy to distribute cocaine base. He was sentenced on May 16, 2007, to 262 months' imprisonment and a five-year term of supervised release. Neither in its oral pronouncement of sentence nor in its written judgment did the district court state whether Mangum's federal sentence was to be served concurrently with or consecutively to any other sentence, including his yet-to-be-imposed state sentence in Oklahoma.[1]

On October 27, 2007, federal authorities returned Mangum to Oklahoma for continuation and completion of the state proceedings arising from his June 14, 2006 arrest. On December 3, 2007, Mangum pled guilty to all four charges then pending against him. On December 5, 2007, a state judge sentenced Mangum to terms of imprisonment of ten, seven, one, and one year(s), respectively, as to each of the four charges, and specifically ordered that the state sentences run concurrently with each other and with the previously imposed North Carolina federal sentence. Thereafter, Mangum remained in the custody of Oklahoma while serving his state sentences. He was paroled to a

---

[1] Indeed, the record before us lacks any evidence as to whether the federal sentencing court was even aware that Mangum might have been facing a state sentence after he was sentenced in federal court.

5

federal detainer on January 13, 2011, when, according to the BOP, he commenced the actual service of his federal sentence in a BOP facility.

On January 3, 2013, at Mangum's request, the BOP analyzed whether to designate, nunc pro tunc, the Oklahoma prison as the place for service of Mangum's federal sentence pursuant to 18 U.S.C. § 3621.[2]  See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).  As part of its analysis, the BOP sought to contact Mangum's federal sentencing court in the Middle District of

---

[2] Section 3621(b) provides in relevant part as follows:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

6

North Carolina to inquire whether the court intended that the federal sentence should be treated as concurrent with or consecutive to the later imposed Oklahoma sentence. See supra note 2 (quoting 18 U.S.C. § 3621(b)(4)). For reasons not appearing in the record before us, the North Carolina federal district court judge never responded to the BOP. Thereafter, upon its review of the three (out of the five) statutory factors it thought relevant to a request for nunc pro tunc relief for an inmate such as Mangum, i.e., one who had completed his state sentence entirely and had been transferred to federal custody, the BOP declined to grant the nunc pro tunc designation of the Oklahoma state facility as the place Mangum would commence service of his federal sentence. In so doing, the BOP reasoned in part as follows:

> Regarding factor (4), the federal Judgment was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to Title 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

J.A. 61. Thus, the BOP's sentencing computation, coupled with its refusal to grant nunc pro tunc relief, effectively determined that the previously imposed federal sentence would be served consecutively to the later imposed state sentence, and this notwithstanding the clearly expressed intent of the state

7

sentencing court that its sentence be served concurrently with the federal sentence.

* * * * *

On October 24, 2013, Mangum, acting pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of North Carolina, where he was being housed by the BOP. His petition sought credit, on the basis of several distinct theories, against his federal sentence for the time he spent serving his state sentence—from June 14, 2006 to January 13, 2011. Appellee, the warden of the BOP facility where Mangum is serving his sentence, filed a motion for summary judgment, which the district court granted in a thorough memorandum and order filed on December 29, 2014. Mangum filed a timely notice of appeal on January 27, 2015, and we appointed counsel and calendared the case for oral argument. We have jurisdiction pursuant to 28 U.S.C. § 2253.

II.

Having had the benefit of comprehensive briefing by counsel appointed to represent Mangum[3] and counsel for the warden, we conclude, with the exception noted below, that the district court correctly denied relief on Mangum's claims relating to

---

[3] The panel expresses its gratitude for the excellent representation provided by appointed counsel, which has greatly aided this Court in its resolution of this appeal.

8

calculation and execution of his sentence, and we affirm the judgment in part for the reasons stated by the district court. Mangum v. Warden, No. 5:13-hc-02227-FL (E.D.N.C. Dec. 29, 2014).

We discern legal error, however, and hence an abuse of discretion, cf. United States v. Rybicki, 96 F.3d 754, 757 (4th Cir. 1996), in the BOP's stated basis for its refusal to grant Mangum nunc pro tunc relief. Specifically, we hold that, in its consideration of the fourth statutory factor under § 3621(b) ("any statement by the court that imposed the sentence"), the BOP misapplied 18 U.S.C. § 3584(a).[4] That is, in the face of the federal sentencing judge's silence as to the court's intention, the BOP invoked a presumption that the unelaborated federal sentence should be deemed to run consecutively to the later imposed state sentence, quoting the following language from § 3584(a): "Multiple terms of imprisonment imposed at different

---

[4] Section 3584(a) provides in pertinent part as follows:

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

9

times run consecutively unless the court orders that the terms are to run concurrently."

We conclude that the presumption relied on was inapplicable because, as the Supreme Court has clarified,

> [t]he first subsection of [§ 3584(a)], which says when concurrent and consecutive sentences may be imposed, and specifies which of those dispositions will be assumed in the absence of indication by the sentencing judge . . . addresses only "multiple terms of imprisonment . . . imposed . . . at the same time" and "a term of imprisonment . . . imposed on a defendant who is already subject to an undischarged term of imprisonment." Here the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence [at the time of the federal sentencing]. . . . [Accordingly,] § 3584(a) does not cover this situation.

Setser v. United States, 132 S. Ct. 1463, 1467 (2012) (second, third, and fourth omissions in original) (quoting § 3584(a)); accord Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005); McCarthy v. Doe, 146 F.3d 118, 121 (2d Cir. 1998). But see Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000) (rejecting the Second Circuit's reading of § 3584(a)). The circumstances surrounding Mangum's serial convictions and sentencings do not fall within either of the two scenarios contemplated by the opening sentence of § 3584(a). Accordingly, we are constrained to agree with Mangum's assertion that the federal sentencing judge's silence does not and cannot give rise to a statutory presumption that the federal sentence should be

10

deemed intended as a consecutive sentence to the later imposed state sentence. We reject the government's contention that the plain language of § 3584(a) creates a presumption, in any and all circumstances, that multiple terms of imprisonment will run consecutively unless expressly stated otherwise. See McCarthy, 146 F.3d at 122 ("Although our reading of the statute is based on its plain language and common sense, we note that the legislative history of § 3584(a) confirms our interpretation."); id. (discussing legislative history).

The clarity of the BOP's error is made even more plain by a second compelling consideration. At the time Mangum was sentenced in the North Carolina federal court in May 2007, a federal district judge in this circuit was powerless to impose a federal sentence to be served consecutively to a state sentence that had not yet been imposed. See United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006) ("The plain language of [§ 3584(a)] does not grant a district court authority to order that its sentence run consecutively to a future sentence."), abrogated in part by Setser, 132 S. Ct. at 1466, as stated in United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015). To be sure, Setser later resolved a circuit split in holding that, under § 3584(a), a district court "has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed," see 132 S. Ct. at 1466.

11

Nonetheless, we are confident that any definition of an arbitrary and capricious determination by an administrative agency such as the BOP would include within it the agency's invocation of a presumed intention on the part of a federal sentencing judge to do that which he was powerless to do under binding circuit precedent at the time he imposed a sentence.[5] In this case, one might reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge did say rather than what the federal judge did not and could not say.

### III.

For the reasons set forth, we affirm in part, vacate in part, and remand. Upon remand, the district court shall return this matter to the BOP so that the agency may give plenary consideration to Mangum's request for nunc pro tunc designation of the Oklahoma state facility as the place for service of his federal sentence. In considering the request, the BOP shall invoke no presumption under 18 U.S.C. § 3584(a) and shall fully evaluate all relevant factors under 18 U.S.C. § 3621(b) in a fashion consistent with the views expressed in this opinion.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS

---

[5] We have considered the government's supplemental authority, United States v. Butler, Nos. 15-4201, 15-4205, 15-4215, 2015 WL 7888398 (4th Cir. Dec. 4, 2015) (unpublished) (per curiam), and we find nothing in that non-precedential case that bears persuasively on the issues presented herein.

12