**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4141**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN DAVID BURT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:16-cr-00025-JPB-JES-1)

Submitted: March 20, 2018                                    Decided: May 29, 2018

Before GREGORY, Chief Judge, and KEENAN and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tracey Weese, Sheperdstown, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Randolph J. Bernard, David J. Perri, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean David Burt was charged with conspiring to distribute heroin and cocaine. Burt pleaded guilty and entered into a plea agreement. As part of the agreement, Burt waived his right to directly appeal or collaterally challenge his sentence if his base offense level was found to be 14 or less. At sentencing, the district court found Burt's offense level to be 14 with a United States Sentencing Guidelines ("Guidelines") range of 37 to 46 months. Nevertheless, the district court imposed a 120-month sentence, roughly three times the Guidelines range.

Burt now appeals, arguing that the district court erred in failing to provide notice before varying upwards to such a high degree and that his sentence is substantively unreasonable. We hold that Burt's appeal waiver forecloses this appeal and, accordingly, dismiss.

I.

Burt was charged in a multi-count indictment with conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841 and 860. He pleaded guilty and entered into a plea agreement with the government. As part of that agreement, Burt waived his right to appeal or collaterally challenge his sentence or the manner in which his sentence was determined on any ground provided that the district court imposed a base offense level of 14 or less. While released on bond before sentencing, Burt violated his bond conditions by continuing to sell drugs. As a result, his pretrial release was revoked.

Burt's PSR recommended that the district court find that Burt had a base offense level of 14. The PSR also recommended that Burt be sentenced as a career offender, due to a prior state conviction for wanton endangerment involving a firearm and a federal conviction for distribution of crack cocaine within 1,000 feet of a school. As a career offender, the PSR recommended a total offense level of 32 and a Guidelines range of 210 to 262 months' imprisonment.

At sentencing, the district court found that Burt's base offense level was 14. However, the court declined to adopt the PSR's recommendation that Burt was a career offender with a total offense level of 32. The district court based that decision on its determination that one of the predicate offenses for the PSR's career offender designation—wanton endangerment—was no longer a predicate offense due to the removal of the residual clause from the career offender guidelines. J.A. 71–72; U.S. Sentencing Guidelines Manual § 4B1.2 (U.S. Sentencing Comm'n 2016). Accordingly, the district court found that Burt's total offense level was 14 and that the applicable Guidelines range was 37 to 46 months. However, based on Burt's criminal history,[*] previous supervised release violations, and continued criminal activity while released on bond, the district court varied upwards and imposed a 120-month sentence.

---

[*] In addition to his conviction for wanton endangerment and separate from his conviction for distribution of crack cocaine in a school zone, Burt had a walk-away escape from custody conviction incurred after he left the federal Bureau of Prisons custody during his sentence for distribution of crack cocaine.

Burt did not object to the sentence imposed by the district court during the sentencing hearing. He now appeals, challenging the district court's failure to provide notice of its intent to vary and the substantive reasonableness of his sentence. The government responds that Burt's appeal should be dismissed because Burt waived his right to appeal by knowingly entering into an enforceable appellate waiver as part of his plea agreement.

## II.

This Court reviews de novo whether a defendant has waived his right to appeal. *United States v. Marin,* 961 F.2d 493, 496 (4th Cir. 1992). Knowing and voluntary appellate waivers are presumptively valid. *Id.* ("[T]his court has upheld the validity of a defendant's waiver of the statutory right to appeal a sentence when the waiver was knowingly and voluntarily made."); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) ("Generally, we uphold the validity of appeal waivers."). For a waiver to be knowing and voluntary, the district court must specifically question the defendant concerning the appeal waiver provision of the plea agreement during the Rule 11 colloquy, and the record must indicate that the defendant understood the full significance of the waiver. *Marin*, 961 F.2d at 496.

Here, there is no dispute that Burt knowingly and voluntarily waived his right to appellate review so long as he received a base offense level of 14 or less. During the Rule 11 colloquy the district court clearly explained the implications of the waiver

provision of the plea agreement and Burt indicated he understood the significance of the waiver:

> THE COURT: Do you understand under the terms of the plea agreement, you are giving up the right to appeal the conviction and sentence upon you if it's determined your base offense level is 14 or less?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Everybody in federal court has the right to appeal the conviction to the Court of Appeals in Richmond. If an appeal is made, then three judges down there look at what happened up here and said [sic] we did it right or wrong. In your case, if your base offense level is 14 or less, you're giving up that right to appeal. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

J.A. 42–43. Because the record indicates that Burt knowingly and voluntarily entered into the plea agreement, the waiver is presumptively binding and enforceable.

Nevertheless, "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." *Marin,* 961 F.2d at 496. "[A]ppellate courts 'refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice.'" *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir.2003)); *see also United States v. Ware*, 623 F. App'x 119, 120 (4th Cir. 2015) ("We may decline to enforce a valid appeal waiver only where the sentencing court has violated a fundamental constitutional or statutory right. . . , or if enforcing the waiver would result in a miscarriage of justice.") (alterations, citations & internal quotation marks omitted).

Burt attempts to evade his appeal waiver and challenge the district court's failure to provide notice of its intent to vary and the substantive reasonableness of his sentence.

5

This Court has not previously allowed a defendant to overcome an appellate waiver in either circumstance. We have applied the miscarriage of justice exception to allow review of sentences imposed "in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," *Marin*, 961 F.2d at 496, and following a valid claim of actual innocence, *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016).

Many courts of appeals have similarly circumscribed the situations in which otherwise valid appeal waivers will be ignored to a "narrow class of claims." *United States v. Blick*, 408 F.3d 162, 171 (4th Cir. 2005) (citations omitted) (upholding appeal waiver when defendant's claims were clearly within the scope of the waiver); *see also United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (limiting the miscarriage of justice exception to sentences based on impermissible factors such as race, sentences exceeding the statutory maximum, situations of ineffective assistance of counsel in connection with the waiver, or when the waiver is otherwise unlawful such that it seriously affects the fairness of judicial proceedings); *Andis*, 333 F.3d at 892 ("We wish to make clear that the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception. . . .Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver."); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997) (an appeal waiver "will not be enforced if a sentencing judge relied on impermissible facts (such as a defendant's race) or if the judge sentenced a defendant in excess of the statutory maximum sentence for the crime

committed. But an improper application of the guidelines is not a reason to invalidate a knowing and voluntary waiver of appeal").

The lack of notice of an upward variance was not a miscarriage of justice. Given the advisory nature of the Guidelines, there is no expectation subject to due process protection that a defendant will receive a sentence within the Guidelines range and thus, no notice is required when a judge contemplates a variance. *Irizarry v. United States*, 553 U.S. 708, 713–14 (2008). Similarly, the miscarriage of justice exception is inapplicable when a defendant contends that a sentence within the statutory range is substantively unreasonable. *See, e.g.*, *Ware*, 623 F. App'x at 120 (enforcing waiver despite upward variance resulting in a sentence almost 50 percent higher than the Guidelines range but within the statutory range); *United States v. Butler*, 629 F. App'x 554, 557 (4th Cir. 2015) (enforcing waiver despite defendant's claim that his sentence was substantively unreasonable due to a 72-month variance above the Guidelines range); *see also Andis*, 333 F.3d at 892 ("Any sentence imposed within the statutory range is not subject to appeal" when there is an appellate waiver). Although the sentence imposed in this case is certainly high—three times the sentence recommended by the Guidelines—it is below the statutory maximum of 240 months. 21 U.S.C § 841(b)(1)(C). Thus, neither of Burt's claims constitute a miscarriage of justice. Consequently, the appeal waiver is enforceable and Burt's appeal should be dismissed.

III.

7

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and argument would not aid the decisional process.  For the reasons set forth above, Burt's appeal is

*DISMISSED.*