UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6531

EDWARD L. TROWELL,

Petitioner - Appellant,

versus

ART BEELER, Warden, Federal Medical Center,
Butner, North Carolina; KATHLEEN HAWK SAWYER,
Director, Federal Bureau of Prisons,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle, Chief
District Judge. (CA-03-93-5-BO)

Argued: December 3, 2004               Decided: May 19, 2005

Before WILLIAMS and MICHAEL, Circuit Judges, and Henry F. FLOYD,
United States District Judge for the District of South Carolina,
sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED:** Alexander de Gramont, CROWELL & MORING, Washington, D.C.,
for Appellant. David Thomas Huband, Special Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh,
North Carolina, for Appellees. **ON BRIEF:** F. Ryan Keith, Paul D.
Flynn, CROWELL & MORING, Washington, D.C., for Appellant. Frank D.
Whitney, United States Attorney, R. A. Renfer, Jr., Assistant
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Petitioner Edward L. Trowell is a federal prisoner in custody at the Federal Medical Center in Butner, North Carolina. He appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his petition Trowell seeks review of a Bureau of Prisons (BOP) rejection of his request to designate, nunc pro tunc, the state facility where he served a state sentence as the place for service of his federal sentence. Trowell argues that BOP abdicated its statutory responsibilities by effectively ceding the discretion to grant or deny his request to the federal sentencing court. Because BOP failed to analyze independently the five statutory factors governing review of a prisoner's nunc pro tunc designation request, the agency necessarily abused its discretion, according to Trowell. We agree with him that 18 U.S.C. § 3621(b) requires BOP to conduct an independent evaluation of each applicable statutory factor. We therefore reverse the district court's order. On remand BOP (through the respondents) will be directed to reconsider Trowell's request for nunc pro tunc designation.

I.

Trowell was arrested in 1996 by Maryland authorities and was subsequently transferred to the U.S. District Court in South Carolina under a writ of habeas corpus ad prosequendum to face

3

unrelated federal charges. He pled guilty to one count of violating 18 U.S.C. § 924(c) and received the five-year minimum sentence. The judgment did not specify whether the federal sentence was to be concurrent with or consecutive to any subsequently imposed state court sentence. Trowell was then returned to Maryland, where he pled guilty to the state charges and was sentenced to a five-year state term. The state court ordered that the state sentence was to be concurrent with the five-year federal sentence. (Trowell asserts that the concurrency order was prompted by his cooperation with state authorities in related criminal investigations and prosecutions.) Trowell was sent to a state facility to begin his state sentence.

In 1998 Trowell unsuccessfully sought to effectuate the state court's concurrency order by filing various petitions for collateral relief before the U.S. district court that had sentenced him. The district court issued an order denying the petitions, concluding that the concurrency relief Trowell sought "would not be appropriate . . . in view of [his] criminal history." J.A. 24. We subsequently affirmed this order in an unpublished per curiam decision. United States v. Trowell, 1998 WL 766783, at *1 (4th Cir. Oct. 20, 1998).

In 2001, while still in state prison, Trowell submitted a request to BOP asking that it designate Maryland's Division of Correction as the place of his federal confinement so as to

4

effectuate the state court's concurrency order. BOP responded that it was inclined to grant his request, but that "[a] designation for concurrent service of sentence is made only with the [federal sentencing] Court's consent." J.A. 85. In accordance with agency policy, BOP then sent a letter to the sentencing judge to ask whether she had any "objection to granting Mr. Trowell's request for concurrency." J.A. 88. The Supervising Probation Officer with the U.S. District Court in South Carolina responded to BOP's inquiry on the sentencing judge's behalf, stating only that the judge was "den[ying] Mr. Trowell's request for concurrency." J.A. 90. BOP did not inform Trowell that his designation request had been denied until nearly a year later. BOP's letter to Trowell stated that "[b]ased upon the court[']s objection, [BOP] has determined a concurrent designation is not appropriate." J.A. 92. At this point, Trowell had completed his state sentence and had begun serving his federal sentence at Butner.

Trowell filed his current habeas petition on February 2, 2003, arguing that a proper interpretation of 18 U.S.C. § 3621(b) requires BOP to grant his request for a nunc pro tunc designation of a Maryland facility as the place of federal confinement. He further argued that BOP improperly denied his request solely on the basis of the federal sentencing court's objection. Respondents Art Beeler, the Butner warden, and Kathleen Hawk Sawyer, BOP's Director, filed a motion for summary judgment, and Trowell filed a

cross-motion for summary judgment. The district court granted the respondents' motion and denied Trowell's, holding that BOP's denial of Trowell's request for nunc pro tunc designation (1) did not violate constitutional principles, and (2) was neither arbitrary nor capricious. This appeal followed.

II.

We review de novo the district court's denial of Trowell's § 2241 petition. See Selgeka v. Carroll, 184 F.3d 337, 342 (4th Cir. 1999). We review BOP's decision to grant or deny a prisoner's nunc pro tunc designation request for abuse of discretion. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991).

A.

Trowell's first argument on appeal is that BOP is affirmatively obligated to grant his nunc pro tunc designation request because to conclude otherwise would raise serious constitutional concerns, such as those involving principles of federalism, dual sovereignty, comity, separation of powers, and due process. By its very nature this argument implies that BOP has no discretion to deny such a request when a state court directs that its sentence is to be served concurrently with a previously imposed federal sentence. We disagree.

6

Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement, stating that BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . , [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . , that [BOP] determines to be appropriate and suitable."  18 U.S.C. § 3621(b).[1]  In making such designations, BOP's discretion is guided by five factors.  See id. § 3621(b)(1)-(5).  We have found no constitutional defect in these congressional directives, and we therefore believe the statute properly grants BOP the authority to exercise sound discretion in designating particular facilities.

Indeed, there is no constitutional defect in the present circumstances because at the time the Maryland court entered its order directing concurrent service of the state sentence, Trowell had not yet begun his federal term of imprisonment.  Had Maryland wished to give effect to its court's concurrency order, the state could have, for example, attempted to relinquish or waive primary jurisdiction after Trowell was sentenced in state court.  In other words, Maryland could have sought to deliver him into federal

---

[1] Section 3621(b) thus authorizes BOP to designate a state facility as the place of federal confinement.  See Evans, 159 F.3d at 911-12; Barden, 921 F.2d at 478.

custody for the purpose of beginning his federal sentence.[2]  See Barden, 921 F.2d at 482; United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980); Br. of Respondents at 8-9, 17-19, 24-27 (acknowledging the right of a sovereign to relinquish primary jurisdiction and suggesting that this represents the proper mechanism whereby the sovereign can give effect to such concurrency orders).  In Trowell's case Maryland did not pursue this (or any equivalent) course of action.  For these reasons, we conclude that the circumstances of this case do not present any of the constitutional concerns suggested by Trowell.

B.

Trowell's second argument on appeal is that BOP abused its statutory discretion by rejecting his nunc pro tunc designation request solely on the basis of the sentencing court's objection. Therefore, according to Trowell, the rejection of his request was

---

[2] The concept of primary jurisdiction refers to "the priority of service regarding a defendant's contemporaneous obligations to multiple sovereigns, whereby a defendant will fulfill his obligations to the sovereign with primary jurisdiction over him before any others."  Savvas Diacosavvas, Note, Vertical Conflicts in Sentencing Practices: Custody, Credit, and Concurrency, 57 N.Y.U. Ann. Surv. Am. L. 207, 210 (2000).  Maryland obtained primary jurisdiction over Trowell as the first arresting sovereign and retained legal custody at all relevant times.  Trowell was delivered to federal authorities for the purpose of answering to the federal charge pursuant to a writ of habeas corpus ad prosequendum.  Such writs have no effect on jurisdictional priority.  See Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992).

8

necessarily arbitrary and capricious. We find merit in this argument and conclude that in rejecting Trowell's request solely on the basis of the sentencing court's objection, BOP abdicated its statutory responsibility to bring its independent judgment to bear on the matter. As a result, BOP's denial of Trowell's nunc pro tunc designation request was arbitrary and capricious and the agency necessarily abused its discretion.

We begin by focusing on the statutory language. As noted, § 3621(b) grants BOP discretion to select the place of a federal prisoner's confinement, stating that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability . . . , [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . , that [BOP] determines to be appropriate and suitable." 18 U.S.C. § 3621(b). The statute specifically directs BOP to consider five factors in making this determination:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Id. Here, BOP accorded controlling weight to the fourth factor, and it erred in doing so.

Section 3621(b) obliges BOP to designate an appropriate facility for the service of a federal sentence. See id. ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). By effectively delegating to the federal sentencing court ultimate decisional control over Trowell's request, BOP abdicated its statutory responsibilities under § 3621(b). Here, the record amply supports the conclusion that the agency denied Trowell's nunc pro tunc designation request solely on the basis of the federal sentencing court's objection. Prior to its correspondence with the federal sentencing court, BOP expressed its intent to allow the designation so long as "the [federal sentencing] Court ha[d] no objection." J.A. 85. In response to BOP's inquiry, the Supervising Probation Officer answered simply that the judge was "den[ying] Mr. Trowell's request for concurrency." J.A. 90. BOP subsequently informed Trowell that, "[b]ased upon the court[']s objection, [BOP] has determined a concurrent designation is not appropriate." J.A. 92. It is therefore clear that BOP effectively ceded veto power over its decision to the federal sentencing court. This sub-delegation of authority is incompatible with § 3621(b)'s command. While the statute allows BOP "to solicit the views of the sentencing judge," the judge's "decision is not controlling under the statute."

10

<u>Barden</u>, 921 F.2d at 483; <u>see also</u> <u>Pub. Serv. Co. v. ICC</u>, 749 F.2d 753, 763 (D.C. Cir. 1984) (noting that agencies exercising discretion under federal statutes with multi-factor tests must take each factor into account and cannot "select any <u>one</u> factor as controlling"). While the federal sentencing court may of course express its views on the matter, BOP cannot simply accept these views at face value and accord them controlling weight as a blanket policy. In other words, BOP may not simply defer entirely to the will or the reasoning of the federal sentencing court when faced with an inmate's request for nunc pro tunc designation.

The respondents defend the district court's summary judgment order on the basis that the statute grants BOP broad discretion to grant or deny nunc pro tunc designation requests. BOP's discretion is not unfettered, however, and (as noted above) its consideration of such requests is guided by § 3621(b)'s five factors. The respondents further argue that BOP Program Statement 5160.04 is entitled to deference under <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984).[3] An agency policy statement setting forth the agency's interpretation

_____

[3] BOP Program Statement 5160.04, entitled "Designation of State Institution for Service of Federal Sentence," had an effective date of April 19, 2000. BOP considered and rejected Trowell's request under this version of its Program Statement. The Statement was updated and modified on January 16, 2003, and is currently identified as Program Statement 5160.05. This current version can be accessed on the internet at http://www.bop.gov/policy/progstat/5160_005.pdf.

11

of a governing statute, however, "lack[s] the force of law" and is not entitled to <u>Chevron</u> deference. <u>See</u> <u>Christensen v. Harris County</u>, 529 U.S. 576, 587 (2000). Rather, such statements are "entitled to respect," but only to the extent that they have the "power to persuade." <u>Id.</u> (internal quotation marks omitted). Here, agency policy specifies that designation of a non-federal institution as the place for service of a federal sentence is allowed only when the designation would be consistent with the "intent" of the federal sentencing court. BOP Program Statement 5160.04(9). When an inmate submits a request for nunc pro tunc designation, agency policy requires the regional BOP administrator to contact the federal sentencing court to "inquir[e] whether the court has any objections." <u>Id.</u> 5160.04(9)(d). If the court objects, the request is denied. We find this statutory interpretation unpersuasive, as indicated by our discussion above, because BOP may not simply defer to the expressed views of the federal sentencing court; rather, BOP must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court.[4]

---

[4] We emphasize that we do not hold that BOP must consider each factor listed in § 3621, but rather only that it must consider each factor that is relevant to its decision in ruling on a nunc pro tunc designation request. We also emphasize that in remanding for the BOP to consider each relevant factor, we do not hold that BOP must give each relevant factor equal weight.

III.

For the above reasons, we conclude that BOP abused its discretion when it rejected Trowell's nunc pro tunc designation request solely on the basis of the federal sentencing court's objection. We therefore reverse the district court's award of summary judgment to the respondents. On remand the district court should enter an order directing the respondents to reconsider, in light of this opinion, Trowell's request for nunc pro tunc designation.

REVERSED AND REMANDED