**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1272**

_____

MADELINE BROWN TANNER,

             Plaintiff - Appellant,

      v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Joseph F. Anderson, Jr., Senior
District Judge.  (2:12-cv-03001-JFA)

_____

Submitted:  January 29, 2015          Decided:  February 12, 2015

_____

Before KING and AGEE, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John B. Duggan and Daniel R. Hughes, Duggan & Hughes, LLC,
Greer, South Carolina, for Appellant.  Marshall Prince,
Assistant United States Attorney, Columbia, South Carolina, and
Marcelo N. Illarmo, Special Assistant United States Attorney,
Boston, Massachusetts, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Social Security Administration twice denied Madeline Tanner's claim for disability insurance benefits. After each denial, Ms. Tanner sought review of the Commissioner's decision by filing suit in the United States District Court for the District of South Carolina. The district court upheld the agency's second denial of benefits. Ms. Tanner appeals the district court's judgment, arguing that the court improperly applied the "mandate rule" to preclude consideration of two of her challenges to the administrative law judge's findings. Although the district court's application of the mandate rule was erroneous, we nevertheless affirm.

I.

On October 17, 2005, Ms. Tanner, then a special education teacher, intervened in a fight between two students. During the fight, Ms. Tanner sustained injuries to her left upper extremity, left shoulder, and the left side of her neck. She commenced medical treatment in 2006 for a variety of mental and physical complaints, including chronic pain, numbness of the extremities, PTSD, anxiety, and depression.

Ms. Tanner applied for disability insurance benefits in December 2007. Her claim was denied initially, upon reconsideration, and after a hearing before an administrative law judge. Ms. Tanner filed suit against the Commissioner in

federal district court, arguing that the ALJ (1) failed to consider the opinions of her treating physicians; (2) failed to properly assess her credibility; and (3) failed to consider the effects of her impairments in combination. The magistrate judge, to whom Ms. Tanner's case was referred, recommended remand for additional consideration of opinion evidence, but rejected all of her other arguments. The district court accepted the magistrate judge's recommendation and vacated the Commissioner's decision denying Ms. Tanner disability benefits.

Upon remand, the agency held a second hearing before a different administrative law judge. Yet again, the ALJ denied Ms. Tanner's claim for disability insurance benefits. Ms. Tanner filed suit in district court, asserting arguments nearly identical to those raised in her first suit against the Commissioner. This time, however, the magistrate judge recommended that the district court uphold the Commissioner's denial of benefits.

The magistrate judge declined to consider Ms. Tanner's challenges regarding the effects of her impairments in combination and the ALJ's adverse credibility determination. The magistrate judge reasoned that those arguments had already been rejected and were "secondary to [Ms. Tanner's] main concern about evaluation of medical source opinions." The magistrate judge concluded that the previous determinations constituted

3

"the law of the case" and declined to depart from them. The district court agreed with the magistrate judge's assessment of the issues and incorporated the recommendation into its decision upholding the denial of benefits. Ms. Tanner timely appealed the district court's decision.

## II.

Before us, the parties agree that the district court's application of the mandate rule was erroneous. Ms. Tanner argues that the error can only be cured by a reversal of the district court's order and a remand of her case to the agency. The Commissioner contends that the error is harmless. We agree with the Commissioner.

"The mandate rule prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007). An interest in finality also undergirds the law of the case doctrine. "[W]hen a decision of an appellate court establishes 'the law of the case,' it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Sejman v. Warner-Lambert

4

Co. Inc., 845 F.2d 66, 69 (4th Cir. 1988) (quoting EEOC v. Int'l Longshoremen's Ass'n, 623 F.2d 1054 (5th Cir. 1980)).

The mandate rule is "a specific application of the law of the case doctrine." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal citation and quotation marks omitted). We have stated in dicta that it "applies with equal authority to . . . administrative agencies." Scott v. Mason Coal Co., 289 F.3d 263, 267 (4th Cir. 2002). We presume without deciding that the Social Security Administration is an agency to which the mandate rule applies.

The magistrate judge (and by extension, the district court) invoked the mandate rule in order to avoid reviewing the arguments that it believed the court had previously resolved in Ms. Tanner's first suit against the Commissioner. The "mandate" purportedly binding the Social Security Administration was that on remand, it was to reconsider only certain opinion evidence in Ms. Tanner's record. We do not view the second ALJ's decision as running afoul of the mandate rule, and in any event, we have the authority to review all of Ms. Tanner's challenges to the ALJ's decision in our review for substantial evidence.

Upon remand of Ms. Tanner's case to the agency, the first ALJ's decision was vacated and a different ALJ presided over Ms. Tanner's second hearing. At the second hearing, the ALJ received additional medical evidence totaling more than 100

5

pages and heard new testimony from Ms. Tanner and a vocational expert. Given the inclusion of this additional evidence, the ALJ was obliged by agency regulations to reassess Ms. Tanner's disability claim de novo through the date of the new decision.[*] See 20 C.F.R. § 404.1520(a)(3) (stating that the agency's five-step sequential evaluation process requires that it consider "all evidence in [a claimant's] case record" when making a disability determination). Therefore, the ALJ's findings regarding credibility and the combined effects of Ms. Tanner's impairments were based, in part, on new evidence, and as a result, could not run afoul of the mandate set forth by the district court.

As we explain below, even if the district court had considered all of Ms. Tanner's arguments against the ALJ's decision, reversal would not have been appropriate.

### III.

"When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual

---

[*] The Social Security Administration's Hearings, Appeals, and Litigation Law Manual "HALLEX" notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues. HALLEX I-2-8-18, Administrative Law Judge Decisions in Court Remand Cases.

6

findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Significantly, a district court and an appellate court apply the same standard of review when considering a claimant's appeal from a denial of social security benefits.

To that end, we affirm the district court because our independent assessment of all of Ms. Tanner's challenges demonstrates that the ALJ's decision is supported by substantial evidence.

A.

We begin with Ms. Tanner's challenge to the ALJ's adverse credibility determination. This Circuit has developed, in accordance with SSA regulations, a two-step process for evaluating a claimant's subjective complaints of pain. First, there must be "a showing by objective evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by

7

the claimant." Craig, 76 F.3d at 594 (internal quotation marks omitted).

If the claimant meets this threshold obligation, the ALJ must next evaluate the "intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595. The evaluation takes into account all available evidence, including "the claimant's medical history, medical signs, laboratory findings, . . . evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. The claimant's allegations regarding the severity and persistence of pain cannot be dismissed solely because objective evidence of pain is lacking; at the same time, however, the claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence." Id.

Substantial evidence supports the ALJ's adverse credibility determination. The ALJ concluded that Ms. Tanner's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but he discounted the extent of her subjective complaints because they were inconsistent with the medical evidence. The ALJ noted that Ms. Tanner's self-reported activities of daily living varied dramatically. At times, she reported being able to participate in physical activities such as babysitting and household chores, and at other times, she

8

reported being unable to engage in previous hobbies. With respect to her physical symptoms, the ALJ highlighted other inconsistencies, all of which are supported by the medical evidence of record, including complaints of numbness during some visits to doctors and no numbness at others. Furthermore, despite her persistent complaints of pain, Ms. Tanner has responded relatively well to medication.

B.

Ms. Tanner's argument that the ALJ failed to consider the effects of her medically determinable impairments in combination is without merit. "To be sure, an ALJ must 'adequately explain his or her evaluation of the combined effects of [a claimant's] impairments.'" Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)).

The ALJ did just that. He first described Ms. Tanner's non-severe impairments and noted that her obesity "combined with her musculoskeletal impairments does not result in impairments that meet or equal listing severity." (emphasis added). The ALJ then described Ms. Tanner's severe impairments and concluded that, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." It is thus clear from the opinion that the ALJ expressly considered Ms. Tanner's

9

impairments in combination. Moreover, because Ms. Tanner made the threshold showing of severe impairments, the ALJ was required to continue the sequential evaluation and consider all of her impairments, both severe and non-severe, that significantly affect her ability to work. See 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). Accordingly, Ms. Tanner's argument fails.

C.

Ms. Tanner argues that the ALJ erred when he failed to accord the opinions of her treating medical providers great weight. She asserts that the ALJ cherry picked medical evidence to support his finding of non-disability. Given the several years that medical records often span, it is inevitable that some evidence will show signs of a claimant's improvement and other evidence will show signs of a claimant's regression. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on . . . the ALJ." (internal quotation marks and citation omitted). Craig, 76 F.3d at 589.

Our review of the ALJ's opinion, and of the medical record, demonstrates that the ALJ failed to expressly assign weight to a physical Medical Source Statement completed by Dr. LeBlond in

10

January 2012.  However, this error is harmless because it is clear from the ALJ's RFC assessment that he accepted most of Dr. LeBlond's findings.  The ALJ's treatment of the other opinion evidence from Drs. LeBlond, Holdren, Freeman, and Page, and Ms. Williams, is supported by substantial evidence.  Accordingly, our discussion here is limited to an evaluation of Dr. LeBlond's Medical Source Statement.

In the Medical Source Statement, Dr. LeBlond opined that Ms. Tanner can occasionally lift and/or carry less than 10 pounds in an eight-hour work day, occasionally climb, balance, stoop, crouch, and kneel, and never crawl.  It further provides that Ms. Tanner can reach infrequently, sit in a hard chair for 10-15 minutes before needing to stand, and has difficulty writing due to left wrist dominance.  Dr. LeBlond noted that his opinion was based primarily on Ms. Tanner's subjective complaints, with support from some physical findings.  The ALJ never expressly discussed or assigned weight to the Medical Source Statement.

An ALJ is required to assign weight to every medical opinion in a claimant's record.  20 C.F.R. §§ 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.") & 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").  Failure to

assign weight to a treating physician's opinion can result in a reversal. See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (remanding for agency's failure to indicate the weight given to various medical reports in the record and stating, "[w]e cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence.")

Reversal is not warranted here, in spite of the ALJ's error, for several reasons. First, the ALJ's RFC assessment reflects the credible recommendations provided in Dr. LeBlond's Medical Source Statement. The ALJ credited the limitation to light or sedentary work, which requires lifting no more than 20 pounds, or no more than 10 pounds, respectively. See 20 C.F.R. § 404.1567. The ALJ also credited the limitation to occasional kneeling, crouching, crawling; no climbing of ladders, ropes, or scaffolds; and no concentrated exposure to pulmonary irritants. Second, in the ALJ's discussion of the assessments completed by state agency consultants, he noted that their conclusions were consistent with medical evidence submitted since the reconsideration determination. This evidence would include Dr. LeBlond's 2012 Medical Source Statement, which suggests that, at the very least, the ALJ considered Dr. LeBlond's opinion in weighing all of the evidence. Finally, reversing the ALJ's decision solely because he failed to assign weight to Dr.

12

LeBlond's opinion would be pointless. As noted above, the RFC assessment and Dr. LeBlond's opinion are largely consistent, and it is highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability.

## D.

Ms. Tanner attacks the ALJ's decision to accord more weight to the opinions of non-treating, non-examining state agency consultants than to the opinions of her treating physicians. A "non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted <u>by all of the other evidence</u> in the record." <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986) (emphasis in original). However, "the testimony of a non-examining physician can be relied upon when it is consistent with the record." <u>Id.</u>

Here, while the ALJ assigned "great weight" to the opinions of consultants who never examined or treated Ms. Tanner, he did so because their opinions were supported by the medical evidence as a whole. Ms. Tanner also contends that the state agency consultants rendered conclusory opinions before important medical evidence was introduced. We disagree with Ms. Tanner's characterization of the state agency consultants' opinions. Each opinion included notes with references to specific evidence

13

from the record that supported the consultant's findings. Second, while the state agency consultants did not have the benefit of a full record, the ALJ did, and he made clear that their findings were consistent with the evidence of record, including evidence submitted since the date of reconsideration.

E.

For the first time on appeal, Ms. Tanner argues that the agency did not meet its burden of proof regarding her ability to perform alternative work, because the vocational expert concluded that, given her functional limitations, there were no jobs that she could perform. In so contending, however, Ms. Tanner overlooks the circumstance that the vocational expert only reached that conclusion upon questioning from her counsel, and that her counsel posed hypothetical questions that included severe functional limitations not supported by the medical evidence. Indeed, when the ALJ posed hypotheticals to the VE that set out all of Ms. Tanner's credible limitations, the VE responded that Ms. Tanner could perform the jobs of packer, assembler, marker pricer, sorter, and inspector.

IV.

Based on the foregoing, we conclude that substantial evidence supports the agency's decision, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented

14

in the briefing before the court and argument would not assist our decisional process.

AFFIRMED