**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6161**

GILBERTO ALICEA,

        Petitioner - Appellant,

    v.

JENNIFER SAAD,

        Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cv-00013-GMG)

Submitted: January 31, 2019                Decided: February 20, 2019

Before MOTZ, KING, and FLOYD, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam opinion.

Gilberto Alicea, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilberto Alicea, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2241 (2012) petition. Alicea's petition claimed that the Bureau of Prisons (BOP) erroneously denied his request for a *nunc pro tunc* designation of a state prison facility as a location for his federal imprisonment, pursuant to 18 U.S.C. § 3621(b) (2012). This appeal was placed in abeyance for *Mangum v. Hallembaek*, 910 F.3d 770 (4th Cir. 2018) (*Mangum II*). *Mangum II* has now issued, and, because we conclude that the BOP's analysis did not properly consider the views of Alicea's state sentencing court, we vacate the district court's § 2241 judgment and remand for further proceedings.

While in Pennsylvania state custody on pending charges, Alicea pleaded guilty in the Middle District of Pennsylvania to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and the district court sentenced him to 78 months' imprisonment. The federal judgment did not address whether Alicea's 78-month sentence should run concurrently with, or consecutively to, his anticipated state sentence. Alicea later pleaded guilty in Pennsylvania state court to possession of stolen property and two counts of manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance. The Pennsylvania court imposed a sentence of four and one-half to nine years, "concurrent with any time that [Alicea] has done federally and he is entitled to credit for any time that he did on those counts."

While still in state custody, Alicea requested that the BOP designate his state prison facility *nunc pro tunc* as the place for his federal imprisonment under § 3621(b).

2

The BOP created a worksheet listing the applicable factors under § 3621(b) and denied Alicea's request "[b]ased on a review of [those] factors."[1] The BOP's analysis apparently did not consider the state court's preference for concurrent sentences, and Alicea's § 2241 petition claimed that this omission was improper.

Respondent moved to dismiss Alicea's petition or for summary judgment, arguing that the BOP acted within its discretion in denying Alicea's *nunc pro tunc* request. Pursuant to 28 U.S.C. § 636(b) (2012), a magistrate judge recommended granting Respondent's motion, principally because the state sentencing court's ruling was neither binding on the district court nor present in the record.[2] Alicea filed objections to two specific statements in the magistrate judge's report and submitted his entire state sentencing transcript, which included the state court's expressed preference for a concurrent sentence. The district court, however, declined to review Alicea's objections de novo, holding that the objections were not specific and failed to present any "new facts or arguments." The district court dismissed Alicea's § 2241 petition in its entirety, and this timely appeal followed.

---

[1] The BOP sought input from the judge who imposed Alicea's federal sentence, *see* 18 U.S.C. § 3621(b)(4), but the BOP received no response.

[2] The magistrate judge also relied on 18 U.S.C. § 3584(a) (2012), which states in part: "Multiple terms of imprisonment imposed at different times run consecutively unless the [district] court orders that the terms are to run concurrently." As we have explained, however, the 18 U.S.C. § 3584(a) presumption favoring consecutive sentences is inapplicable when a defendant's federal sentence is imposed prior to a state sentence. *Mangum v. Hallembaek*, 824 F.3d 98, 101-02 (4th Cir. 2016) (*Mangum I*) (citing *Setser v. United States*, 566 U.S. 231, 234-35 (2012)). Therefore, the magistrate judge's reliance on this presumption was erroneous.

A federal prisoner may challenge the execution of his sentence, including the computation of his remaining prison term, by petitioning for habeas corpus under § 2241. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). We review the denial of a § 2241 petition de novo. *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 530 (4th Cir. 2005).

"When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence" under 18 U.S.C. § 3621(b). *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998). We will vacate the BOP's denial of *nunc pro tunc* relief under § 3621(b) if the BOP states an improper basis for its decision. *See Mangum I*, 824 F.3d at 101-02. However, the BOP "typically enjoys broad discretion in analyzing *nunc pro tunc* requests in the first instance." *Mangum II*, 910 F.3d at 779.

We first conclude that Alicea's objections to the magistrate judge's report and recommendation were specific and substantial enough to warrant de novo review by the district court.[3] *See* 28 U.S.C. § 636(b)(1)(B) (2012) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Moreover, we find that the BOP did not include in its § 3621(b) analysis the state court's desire for concurrent sentences.

---

[3] Furthermore, although the magistrate judge warned Alicea that his failure to file timely objections would result in waiver of his right to appeal, *see Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985), Alicea was not alerted to any adverse consequences for failing to file *specific* objections.

Although a state court's preference for concurrent sentences is not binding on the BOP, we recently affirmed that the state court's opinion deserves consideration, particularly when the federal sentencing court's view is unknown or otherwise irrelevant to the BOP's analysis.[4]  *See Mangum II*, 910 F.3d at 778-79.  As in *Mangum II*, the BOP's worksheet in this case "provides little indication of what factors would justify overriding the state court's preference."  *Id.* at 778.  Recognizing that the BOP did not have the benefit of either *Mangum I* or *Mangum II* when it denied Alicea's § 3621(b) claim for *nunc pro tunc* relief, we find that plenary consideration of his claim in light of those decisions is necessary.

Accordingly, we vacate the district court's judgment and remand with instructions to return the matter to the BOP for plenary consideration of Alicea's *nunc pro tunc* claim, appropriately considering in its § 3621(b) analysis the state court's desire for concurrent sentences in accordance with *Mangum II*.  We express no view as to whether Alicea's claim ultimately warrants *nunc pro tunc* relief under § 3621(b).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

[4] The district court did not have the benefit of *Mangum II* when it decided this case.